**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 25-6472**

_____

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

RYAN CHRISTOPHER FULTZ,

        Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of Virginia, at Newport News.  Jamar Kentrell Walker, District Judge.  (4:13-cr-00026-JKW-DEM-1)

_____

Submitted:  September 18, 2025              Decided:  September 23, 2025

_____

Before THACKER and BENJAMIN, Circuit Judges, and TRAXLER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Ryan Christopher Fultz, Appellant Pro Se.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ryan Christopher Fultz appeals the district court's order denying his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). Finding no abuse of discretion, we affirm. *See United States v. Johnson*, 143 F.4th 212, 215 (4th Cir. 2025) (stating standard).

Fultz first challenges the district court's rejection of his argument that his sentence is unusually long because § 401 of First Step Act of 2018 ("First Step Act"), Pub. L. No. 115-391, 132 Stat. 5194, 5220, changed the criteria for the application of the recidivism enhancement under 21 U.S.C. § 841(b)(1)(A). *See* U.S. Sentencing Guidelines Manual § 1B1.13(b)(6), p.s. (2024) (providing that "unusually long sentence" may qualify as extraordinary and compelling reason for sentence reduction under certain circumstances). We conclude that the district court correctly found that this change in the law was not an extraordinary and compelling reason for a sentence reduction. Fultz was convicted under 21 U.S.C. § 841(b)(1)(C), which was not amended by the First Step Act, and, in any event, the Government did not seek the recidivism enhancement.

The district court also rejected Fultz's argument that his sentence is unusually long because he no longer qualifies as a career offender. But Fultz does not challenge this conclusion on appeal and, therefore, has forfeited appellate review. *See Jackson v. Lightsey*, 775 F.3d 170, 177 (4th Cir. 2014) ("The informal brief is an important document; under [4th Cir. R. 34(b)], our review is limited to issues preserved in that brief."). Finally, we decline to consider Fultz's challenge to his sentence under Amendment 782, USSG App. C, Amend. 782, which he raises for the first time on appeal. *See Tarashuk v. Givens*,

2

53 F.4th 154, 167 (4th Cir. 2022) ("It is well established that this court does not consider issues raised for the first time on appeal, absent exceptional circumstances." (internal quotation marks omitted)).

Because the district court did not abuse its discretion in denying Fultz's motion for compassionate release, we affirm. *United States v. Fultz*, No. 4:13-cr-00026-JKW-DEM-1 (E.D. Va. May 1, 2025). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*